**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0527-24

REMAQ CORPORATION,

 Plaintiff-Appellant,

v.

VIP KITCHEN AND GRANITE,
INC.,

 Defendant-Respondent.

_____

Submitted July 8, 2025 – Decided July 17, 2025

Before Judges Natali and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. LT-003562-24.

Gilberto M. Garcia, attorney for appellant (Gilberto M. Garcia and Mary Ann Kricko, on the brief).

Respondent has not filed a brief.

PER CURIAM

 In this commercial tenancy action, plaintiff Remaq Corporation appeals from the Special Civil Part's October 22, 2024 order granting defendant VIP

Kitchen and Granite, Inc., the right to remove its personal property from the leased premises. We affirm the court's order to the extent it provided defendant with the opportunity to remove its property from the premises, but remand for the limited purpose for the court to enter an order, consistent with this opinion, declaring any property that defendant failed to remove as abandoned.

Plaintiff entered a three-year lease with defendant in Oakland to serve as a location for defendant's retail kitchen and bath showroom. As relevant to the sole issue before us, paragraph 20 of the lease provided:

> Removal of Tenant's Property. Any equipment, fixtures, goods or other property of the Tenant that are not removed by the Tenant upon the termination of this Lease, or upon any quitting, vacating or abandonment of the Premises by the Tenant, or upon the Tenant's eviction, will be considered as abandoned and the Landlord will have the right, without any notice to the Tenant, to sell or otherwise dispose of the same, at the expense of the Tenant, and will not be accountable to the Tenant for any part of the proceeds of such sale, if any.

After defendant failed to pay the rent due under the lease, plaintiff filed a complaint for non-payment, which ultimately resulted in the court granting plaintiff a judgment of possession, and later a warrant of removal. Defendant was subsequently evicted, and despite having failed to pay rent for months, filed an Order to Show Cause seeking reinstatement to the premises or, alternatively,

2

permission to remove kitchen cabinets it installed in the showroom. Plaintiff opposed defendant's application and argued under paragraph 20 of the lease defendant's default resulted in the forfeiture of its right to any property in the leased premises.

The court rejected plaintiff's contentions and summarily stated it was not "recognizing" paragraph 20 of the lease. Instead, it permitted defendant to remove its personal property provided, over defendant's objection, that it completed the removal by the next day, October 23, 2024, at 4:30 p.m.

Before us, plaintiff contends under paragraph 20 of the lease, and consistent with N.J.S.A. 2A:18-72, defendant "did not have a right to claim its property after being evicted." It accordingly requests we "reverse" the court's order to the extent it permitted defendant the right to reenter the premises and granted it any interest in the property left in the showroom.

We first address the standards of review applicable to the issue raised by plaintiff. Because a lease is a contract, Town of Kearny v. Discount City of Old Bridge, Inc., 205 N.J. 386, 411 (2011), and "contract interpretation is a question of law we review de novo, we 'pay no special deference to the trial court's interpretation and look at the contract with fresh eyes.'" Delaware River Joint Toll Bridge Comm'n v. George Harms Constr. Co., Inc., 258 N.J. 286, 303

(2024) (quoting <u>Kieffer v. Best Buy</u>, 205 N.J. 213, 223 (2011)). We also review a trial court's statutory interpretation de novo. <u>See</u> <u>388 Route 22 Readington Realty Holdings, LLC v. Twp. of Readington</u>, 221 N.J. 318, 338 (2015) (In construing the meaning of a statute . . . our review is de novo). When presented with mixed questions of law and fact, we give deference to the trial court's supported factual findings and review the court's application of the law to those factual findings de novo. <u>State v. Pierre</u>, 223 N.J. 560, 576 (2015). Finally, we review a court's decision to grant or deny equitable relief for abuse of discretion and do not reverse absent a clear abuse of that discretion. <u>N.Y. Mortg. Tr. 2005-3 Mortg.-Backed Notes, U.S. Bank Nat'l Ass'n as Tr. v. Deely</u>, 466 N.J. Super. 387, 397 (App. Div. 2021) (quoting <u>Ocwen Loan Servs., LLC v. Quinn</u>, 450 N.J. Super. 393, 397 (App. Div. 2021)).

The Abandoned Tenant Property Act, N.J.S.A. 2A:18-72 to -84 (Act), addresses property left by a tenant in the premises. Before removing the property, a landlord must comply with the Act's requirements. Under N.J.S.A. 2A:18-72, a landlord may only dispose of a tenant's goods or personal property after providing notice pursuant to N.J.S.A. 2A:18-73 and "only if the landlord reasonably believes under all the circumstances that the tenant has left the

property upon the premises with no intention of asserting any further claim to the premises or the property" and when:

> a. A warrant for removal has been executed and possession of the premises has been restored to the landlord; or
>
> b. The tenant has given written notice that he or she is voluntarily relinquishing possession of the premises.

The Act also expressly provides its provisions "shall not apply to the disposal of tenant property left on nonresidential rental property if there is a lease in effect which has been duly executed by all parties which contains specific terms and conditions for the disposal of tenant property."

Addressing the last provision, it is clear N.J.S.A. 2A:18-72 does not apply in a situation, like here, where a lease explicitly addresses the removal and disposal of a tenant's property in a commercial setting. After conducting a de novo review, we conclude there is no dispute regarding paragraph 20's clear terms, and we are satisfied it resolves the issue with respect to the abandonment of defendant's property.

As noted, under paragraph 20, defendant's "equipment, fixtures, goods or other property" are deemed abandoned if not removed upon its eviction. The undisputed facts establish plaintiff obtained a judgment of possession on July 31, 2024, and a warrant of removal on August 5, 2024. Further, upon defendant's

5

application, and despite the lease provision's express terms, the court permitted defendant an opportunity to remove its property, and we discern nothing in the record establishing that defendant availed itself of that opportunity or sought further review of the court's order.

Even were we to ignore the lease provisions, other provisions of the Act apply such that plaintiff bears no responsibility for defendant's property. There is no dispute that defendant had ample notice of the dispute regarding its personal property under N.J.S.A. 2A:18-73. Defendant was fully aware of the tenancy and removal proceedings and actively sought to recover its property in the context of the Order to Show Cause proceeding and, as noted, was provided the opportunity to remove its property. Under the circumstances, the only conclusion from the record before us is that defendant abandoned any property not removed from the premises.

To the extent plaintiff challenges the court's decision to permit defendant to reenter the showroom to remove its property, we are satisfied the court's decision was a reasonable exercise of its discretion. See Deely, 466 N.J. Super. at 397. The court merely permitted defendant a final opportunity to reclaim any property left in the premises.

A-0527-24

Affirmed and remanded for the entry of an order declaring any property remaining in the premises after 4:30 p.m. on October 23, 2024 is deemed abandoned. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0527-24